Scott, C.J.
The original action, in this case, was brought in the court of common pleas of Ross county, by the plaintiff in error, as a creditor of the estate of George L. Hammer, deceased, upon an administration bond, executed by Lewis Hammer, the administrator of said estate, and two sureties, to-wit, Peter Griesheimer and John Kramer, the latter of whom had died before suit brought. The action was brought against Lewis Hammer, Peter Griesheimer and the defendant in error, as administratrix of the estate of John Kramer, deceased.
Eor the purposes of this case, it is sufficient to say in reference to the petition below, that it contained no averment that the period of eighteen months from the date of the administration bond of the defendant in error, had elapsed, before the commencement of the action; nor were there such averments as would bring the case within any of the exceptions of the 98th section of the act to provide for the settlement of the estates of deceased persons. To this petition, the defendant in error and Peter ■ Griesheimer demurred, for the reason, among others, that it did not contain facts sufficient to constitute a cause of action against the said Catharine Kramer, administratrix, as aforesaid. This demurrer was overruled by the court, as to the said Griesheimer, but sustained on be *254 half of the defendant in error. And, thereupon, the plaintiff not asking to amend his petition as to her, judgment was rendered in her favor.
This judgment was brought before the district court for review, by the plaintiff in error, and was by that court affirmed; and the plaintiff now seeks to reverse the judgment of affirmance ; and the sole question is, did the court of common pleas err, in sustaining the demurrer of the defendant, CatharineKramer, to the plaintiff’s petition?
Assuming that the petition is, in other respects, sufficient, is it defective in not averring that the period of eighteen months allowed the defendant for the settlement of the estate of her intestate, had expired before suit brought ?
The 98th section of the statute to which we have referred, is as follows (1 Curwen, Rev. Stat. 727): “ No executor or administrator shall be liable to the suit of a creditor, until after the expiration of eighteen months from the date of his administration bond, or the further time allowed by the court for the collection of the assets of the estate, unless it be for the recovery of a demand that would not be affected by the insolvency of the estate, or unless it be brought after the estate has been represented insolvent, for the purpose of ascertaining a claim that is contested, or unless the claim has been exhibited to the executor or administrator, and has been disputed or rejected by him.”
It is claimed, by counsel for the plaintiff in error, that the provisions of this section are not applicable to the case before us. 1. Because this was a suit upon an administration bond. And, 2. Because the plaintiff brought his action as a creditor of the estate of George L. Hammer, and not as a creditor of the estate of John Kramer. In support of the first reason, we are referred to the case of Greer v. Ohio. 2 Ohio St. Rep. 574, where it was held that the section in question, “has no application to suits upon the administration bond.” But this authority is not in point. In that case suit was brought upon the administration bond of the party claiming the benefit of this section, and whom it was sought to charge personally for a breach of the duties of his trust: In the present case, suit *255 is not brought on the administration bond of the defendant in error, nor is any judgment asked against her personally.. The plaintiff seeks to charge the estate of her intestate, upon a contract of suretyship entered into by him, while in life. In so doing, he assumes, as to her, the character of a creditor of the estate which she represents; and we can perceive no good reason for withdrawing the case from the operation of the express terms of this section.
The claim of the plaintiff, not falling within any of the exceptions provided for in this section, we think it clear that the action could not be maintained against the defendant in error, until the expiration of eighteen months from the date of her administration bond.
It is admitted in argument, though not disclosed by the record, that the facts of the case precluded an amendment of the petition. In our view of the law, the plaintiff must, therefore, have failed in maintaining his action against the present defendant, and the question raised by her demurrer, becomes one of correct practice merely. As, under the provisions of this section, no action can be maintained against an administrator, by a creditor, till after the lapse of eighteen months from the date o-f the bond, unless in certain specified cases, we think the petition of the creditor should aver the necessary lapse of time. This is a condition essential, generally, to the plaintiff’s right of action. It is also affirmative in its character, and if denied, the burden of proof is on the plaintiff, and we think, unless it be averred, the plaintiff does not show even a prima facie right to sue.
The judgment of the district court will, therefore, be affirmed.
Sutliee, Peck, Gholson and Brinkerhoee, J J., concurred..